The opinion of the court was delivered by
Marr, J.
. In August, 1876, Queyrouze & Bois obtained judgment in the parish court of St. Martin, against O. E. and Paul E. Thibodeaux, in ■ solido, for $383 01 with interest and costs ; and in May, 1877, Bodet & Gueydan Bros, obtained judgment in the district court of the same par- ■ ish, against the same parties, for $729 96, with interest and costs.
These creditors, and Larose, a creditor by open account, brought suit in the district court of St. Martin, against Paul E. Thibodeaux personally, and as tu:or of his minor chillren, and against other persons- *1115 his children either oí age or emancipated by marriage, to have declared null a certain elation en paiement made by him to his children, by notarial act of date 12 January, 1871: and to'subject the property given in payment to their respective judgments and claims.
The petition charges, substantially, that Thibodeaux was indebted to Queyrouze & Bois for merchandise sold to the commercial firm of which he was a partner from January to June, 1873 : to Larose for merchandise sold 29 January, 1873 ; and to Bodet & Gueydan Bros, for merchandise sold during the year 1873 :
That Thibodeaux “ pretends to have sold and did pass an act of sale by elation en paiement, to his minor children,” for the sum of $1800, all his property, movable and immovable, consisting of several tracts of land, domestic animals, etc.:
That this pretended elation was made and effected by fraud and collusion, for the purpose of defrauding petitioners: That it is null and void, for the reason that no previous inventory or appraisement of the property had been made: That the parties appearing as parchaseis were, and some of them still are minors, not emancipated ; and all such contracts are null and void ab initio.
That since said pretended dation Thibodeaux has continued to be and is still in the undisputed possession of the property, the value of which far exceeds the price mentioned. Various other causes of nullity are set up, among others, the incapacity of the tutor to contract with the minors: the failure of Thibodeaux to have the rights of the minors fixed, by administration of the succession of their mother; and the want of consideration.
The prayer is that the pretended elation en paiement be declared to have been made in fraud of the rights of petitioners, and to be null and void ab initio.
Defendants answered by general denial; and they afterward pleaded the prescription of one and three years, in bar of plaintiffs’ action.
The judge of the district court was of opinion that the claim of Larose was subject to the prescription of three years, and was barred. The decree was that the dation be avoided and annulled, in so far as regards the judgment claims of Bodet & Gueydan Bros., and Queyrouze & Bois : and the defendants appealed.
Our attention is called to the fact that the demands of Larose, and Queyrouze & Bois are, each, for less than $500 ; and it is urged that the district court was without jurisdiction as t.o them. This would be true if the object of the suit had been to recover of defendants the amount of these claims : but plaintiffs had no such object; and they prayed for no other judgment than one declaring the nullity of the dation. The amount in dispute was the value of the property.
*1116 The claim of Larose may be prescribed ; but the plea of prescription lu this case was against the action of plaintiffs: and that action was not to recover the money due them; but for the nullity of thé dation.
It was proven that Thibodeaux continued to live in the same house, and with all his children, as before the dation ; so that there was no apparent change of possession. The mere description of the property, •aggregating 436 superficial arpents, one of the tracts, at least, cultivated as a plantation, fronting on the Teche, to say nothing of the buildings, fences, agricultural implements, horned cattle, horses, colts, mules, hogs, leaves no doubt of the insignificance of the price ; and it can not be considered as real or serious. Four of the children wore minors at the time the dation was made, and two were married women. The act provides that tire property shall remain in common, en communauté, until the majority of the minors, one of whom is now about thirteen years of age.
There is room for grave doubt as to the reality of the indebtedness of Thibodeaux to his children ; and this doubt is increased by the fact that there has been no administration of the succession of their deceased mother, no inventory, no proceedings establishing any indebtedness of their father to them.
The law forbids the giving' in payment, by an insolvent, to one •creditor to the prejudice of others, any other thing than the sum of money due ; and the proof in this case is that Thibodeaux, by this dation •attempted and intended to vest in his children a title to all that he had, reserving nothing whatever to himself. Living in the house with his family, all his children, himself the head of the family, a mere paper conveyance would not be such a delivery as is indispensable to the giving in payment; and the stipulation that the entire property should remain in common until the majority of the minors indicates clearly his intention to divest himself of the title and control nominally only, while in reality he would enjoy the benefits of actual ownership, and keep his family with him as he has continued to do. We entertain no doubt that this dation was a pure simulation : that it was void for want of delivery : R. C. C. ■2656 : that it was also void, because the effect, if it had been real, would have been to divest the father, the head of the family, of the means of support, it would not have left him a bed or a chair : that it was void because he retained nothing with which to pay his debts, and it made him insolvent; and that the action to have it declared void ab initio, as it really was, is not subject to the prescription applicable to conveyances •and dispositions of property, real but fraudulent as to creditors.
Tne rights of the children of Paul E. Thibodeaux, such as they existed prior and up to the date of the elation en paiement, 12 January, 1874, will be in no manner affected by this decree, and are reserved just *1117 as they were at that time and as they would have been if no suoh dation had been made.
For the reasons herein stated, the judgment appealed from. is. affirmed with costs.